Electronically Filed
3/29/2018 11:56 AM
Fifth Judicial District, Twin Falls County
Kristina Glascock, Clerk of the Court
By: Lori McBride, Deputy Clerk

Brian M. Tanner ISB# 7450
**TANNER LAW OFFICE, PLLC.**
104 Lincoln Street
Twin Falls, ID 83303-0207
Telephone: (208) 735-5158
Facsimile: (208) 734-2383
E-mail: officebriantanner@gmail.com
Attorney for Plaintiff

## IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF

## STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | |
|---|---|
| RALPH RANDY CLAYTON,<br><br>                        Plaintiff,<br>v.<br><br>JAMES LIZER JR.,<br>FINSTER COURIER INC, doing business as ELITE EXPRESS and JOHN DOES 1-10.<br>                        Defendant. | Case No. CV CV42-18-1339<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Fee Category: A. A.<br>Fee: $221 |

COMES NOW the above named Plaintiff, by and through his counsel of record, Brian M. Tanner and Keith E. Hutchinson of Tanner Law PLLC., and for a cause of action against the Defendant complains and alleges as follows:

### FACTS

I.

That at all times relevant hereto, Plaintiff Ralph Randy Clayton was a resident of Jerome County, State of Idaho.

COMPLAINT - 1

II.

That all times relevant hereto, driver James Lizer Jr. was a resident of Preston, Caroline County, State of Maryland. That all times relevant hereto, Finster Courier Inc. and/or Elite Express was primary locale of business is in Pennsauken, Camden County, New Jersey.

III.

That on December 7, 2016, Ralph Clayton, driving a 2006 Kenworth Tractor Semi-truck owned by Elite Express, was travelling eastbound on Interstate 84 near mile post 175.2 in Jerome County, Idaho.

IV.

That on August December 7, 2016, James Lizer Jr., driving a 2014 Volvo Tractor Semi-truck, was travelling in an eastbound direction on Interstate 84 near mile post 175.2 in Jerome County, Idaho.

V.

That on December 7, 2016 at approximately 5:46 a.m., the Plaintiff approached mile post 175.2 on Interstate 84 and observed a semi-trailer driven by Defendant James Lizer in the emergency pull out lane on the right side of the Interstate. The Plaintiff pulled over into the left-hand lane to provide a safe passage distance on the left side. As the Plaintiff approached, the Defendant suddenly, without signaling, crossed over both lanes of traffic in order to make an illegal turn into the unauthorized emergency cross over lane. The Plaintiff attempted to stop his semi-truck, but could not avoid colliding with the back side of the Defendant's vehicle.

VI.

COMPLAINT - 2

At all times relevant hereto existed in the State of Idaho statutes for the protection of the motorists in the State of Idaho, including but not limited to, 49-1401, 49-1401(3), 49-654, 49-655, 49-645 and 49-1421(1). The Defendant is negligent per se by violating these statutes.

## NEGLIGENCE

### VII.

Plaintiff realleges the allegations contained in paragraphs I through VI herein.

### VIII.

That James Lizar Jr. breached his duty of care by driving onto an unauthorized and restricted emergency cross over exit in violation of Idaho Code 49-1421(1), a misdemeanor in the state of Idaho. The Defendant was charged and subsequently plead guilty to this violation, CR 2016-6366 on March 8, 2017 in Jerome County. The Defendant also failed to yield, failed to signal and drove his vehicle in an inattentive and negligent manner.

### IX.

As a direct result of this negligence, Plaintiff Ralph Clayton has suffered serious, debilitating, and permanent injuries.

### X.

James Lizar Jr. owed a duty of care to the other drivers on the road and breached that duty of care by driving in violation of Idaho Code and common law.

### XI

## RECKLESS MISCONDUCT

James Lizar Jr. acted in reckless manner in that he drove across two lanes of traffic in order to make an illegal 180 degree turn into an unauthorized emergency vehicle only turn-out exit with a large semi-truck, against Idaho Code and on an Interstate where cars routinely drive

the speed limit of 80 miles per hour. Such actions constitute gross disregard to the safety of others and can justifiably and foreseeably be extremely dangerous.

## TORT LIABILITY TO ELITE EXPRESS UNDER THE COMMON LAW DOCTRINE OF RESPONDEAT SUPERIOR

XII.

The Plaintiff realleges paragraphs I – XI above as if set forth in full herein.

XIII.

Pursuant to respondeat superior, the negligence, and/or gross negligence of James Lizar Jr., is imputed to Elite Express., and/or John Does 1 – 10.

## NEGLIGENCE OF ELITE EXPRESS

Elite Express breached its duty of care by negligent hiring of the Defendant, negligent supervision, negligent training and/or negligent entrustment of a vehicle.

## DAMAGES

XIV.

Plaintiff realleges the allegations contained in paragraphs I through IX herein.

XV.

As a direct result of the negligence of the Defendant, Plaintiff has suffered special damages in the nature of medical expenses and lost wages. Medical expenses include medical care for cervical spine injury with right hand numbness and pain. The Plaintiff has suffered from C6-7 foraminal spinal stenosis secondary to herniated nucleosus pulposis. A C6-7 anterior decompression and fusion has been recommended.

XVI.

COMPLAINT - 4

As a direct result of the negligence of the Defendant, Plaintiff has suffered general damages in the nature of pain and suffering, loss of enjoyment of life, loss of recreation, interference with activities of daily living and loss of sleep. These damages may be permanent in nature.

### XVII.

Plaintiff Ralph Clayton has been required to retain legal counsel to prosecute this matter and therefore is entitled to an award of reasonable attorney's fees and costs.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For an award of special and general damages in an amount to be determined at the time of trial. Said damages are in excess of $10,000, and therefore, the matter should be tried in District Court.

2. For an order determining appropriate attorney's fees and cost of prosecution of the case.

3. For any and such other and further relief as the Court deems just and proper on the premises.

DATED this 27th day of March, 2018.

By /s/ Brian M Tanner
BRIAN M TANNER
Attorney for Plaintiff